IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALAN BLANDING, #503662     *
       Plaintiff,
   v.       * CIVIL ACTION NO. DKC-06-517

DEPOSITION SERVICE, INC.    *
       Defendant.
          ***

**<u>MEMORANDUM</u>**

This 42 U.S.C. § 1983 civil rights Complaint was received for filing on February 27, 2006. Plaintiff, who is currently confined at the Metropolitan Transition Center, seeks court order to compel a private court reporter service to furnish him criminal trial transcripts.  Paper No. 1 at 4. If the transcripts cannot be produced, Plaintiff requests immediate release from confinement or $10,000,000.00 in damages.  *Id*.

Plaintiff seemingly claims that on May 20, 2005, Baltimore City Circuit Court Judge Lynn K. Stewart issued an order which waived the court reporter fees for his criminal trial transcripts.  *Id*. He asserts that Defendant Deposition Service, Inc. refuses to forward the transcripts to him. *Id.*

Because he appears indigent, Plaintiff's Request to Proceed In Forma Pauperis shall be granted.  The Complaint, however, shall be denied for the failure to raise a claim of constitutional dimension.

The jurisdictional and threshold requirements of §1983 civil actions are that a substantial federal question be asserted and that the named defendants be acting "under color of" state law.  *See* 28 U.S.C. §§ 1343(a)(3) and (4); *West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982).   Defendant is a private business whose actions are not fairly

attributable to the state.  It does not act under color of state law and is not subject to §1983 damage liability.

To the extent that Plaintiff is requesting that this court compel Deposition Services, Inc. to produce the criminal trial transcripts, his action may alternatively be construed as a plea for mandamus relief, filed pursuant to 28 U.S.C. § 1361, and shall be denied.  Under 28 U.S.C. §1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner.  However, federal district courts have no mandamus jurisdiction over private businesses and cannot compel them to take action.  *See Griffith v. Bell-Whitley Community Action Agency*, 614 F.2d 1102 (6th Cir. 1980) ( no subject matter jurisdiction to hear a claim for mandamus under § 1361 where defendant, a community action agency, was not a federal agency and where its employees were not officers or employees of the United States).

Because Plaintiff's § 1983 Complaint alleges an infringement of a constitutional right that does not exist and is premised on an "indisputably meritless legal theory," his case shall be dismissed as legally frivolous pursuant to 28 U.S.C. §1915(e).[1]  Plaintiff is hereby notified that he

---

[1]     28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A)   the allegation of poverty is untrue; or
(B)   the action or appeal--
(i)   is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under §1915(e) or Rule 12(b)(6).[2]

A separate Order follows dismissing this case pursuant to 28 U.S.C. § 1915(e).[3]

Date:  March 6, 2006                          _____/s/_____
                                              DEBORAH K. CHASANOW
                                              United States District Judge

---

[2]      28 U.S.C. § 1915(g) states as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the Court interprets this provision, once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.

[3]      Plaintiff is not without recourse.  He may file the appropriate motion or petition in the state circuit court to compel the production of the transcripts.